368    PEOPLE ex rel. CHRISTIE *v.* BD. OF EDUCATION.

FIRST DEPARTMENT, DECEMBER TERM, 1900.          [Vol. 56.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARION McA. CHRISTIE, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and Others, Respondents.

*Teacher of cooking in New York city — not reinstated in office where she has no permanent license to teach.*

On an application for a peremptory writ of mandamus, requiring the board of education of the city of New York to reinstate the relator as a teacher of cooking in the public schools of the city of New York, the opposing papers stated that on June 4, 1897, the city superintendent of public schools granted the relator a license to teach cooking in the public schools of the city of New York for six months; that such license was renewed for a further term of six months, and that the relator was subsequently appointed a special teacher by a resolution of the board of education which stated that the appointment should continue until October 1, 1898. It further appeared that the relator was not allowed to teach after November, 1898.

*Held,* that as there was no evidence before the court that any permanent license had ever been granted to the relator, she had established no right to a mandamus.

APPEAL by the relator, Marion McA. Christie, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of July, 1900, denying her motion for a peremptory writ of mandamus to reinstate her in her position as a teacher of cooking in the public schools of the city of New York, and also denying her motion that an alternative writ of mandamus be accorded her.

*Tompkins McIlvaine,* for the appellant.

*William B. Crowell,* for the respondents.

INGRAHAM, J.:

The appellant applied to the court below for a peremptory writ of mandamus requiring the respondents to reinstate her as a teacher of cooking in the public schools of the city of New York. She alleges in her affidavit upon which this motion was made that "In May and June of the year 1897 I was duly examined as an applicant for a cooking license in the public schools of said city, and having been found in all respects duly qualified, was duly licensed to

PEOPLE ex rel. CHRISTIE *v.* BD. OF EDUCATION.  369

App. Div.]  FIRST DEPARTMENT, DECEMBER TERM, 1900.

teach in the cooking department of the schools of the city of New York, under date of June 4th, 1897, by Mr. John Jasper, at that time city superintendent of schools of the city of New York;" and there then is set forth a copy of the record book of licenses granted by the city superintendent in 1897, upon which the name of the appellant appears, the date of the license being June 4, 1897; appointed October 20, 1897; license expired October 20, 1898. The appellant was allowed to teach in the public schools until November 3, 1898, for which she received her salary, but since November 3, 1898, she has not been permitted to resume teaching and has received no salary from the city. On October 15, 1898, the borough superintendent of schools notified appellant that her license expired by limitation on October 20, 1898. The appellant then appealed to the city superintendent of schools, but was on December 27, 1898, informed that the city superintendent was unable to extend her license beyond December 31, 1898, and that she was, therefore, no longer eligible as a teacher of cooking in the public schools of the city of New York. From this decision the appellant appealed to the board of education, and petitioned that board to grant her a proper trial and hearing in accordance with the rules and regulations of the board. This matter seems to have been referred to a committee of the board, who reported in favor of denying the petition, and thereupon a resolution was passed by the board that the petition of the appellant be denied.

In opposition of this motion there was an affidavit submitted by John Jasper, the borough superintendent of schools, which says that on June 4, 1897, the relator was licensed to teach cooking in the public schools of the city of New York; that the said license was for a limited period of six months and was subsequently renewed for an additional six months, and subsequently, upon the nomination of the affiant, the appellant was, with several other persons, appointed by the board of education as special teacher of cooking, to be assigned to schools by the committee on instruction on the recommendation of the city superintendent. The resolution of the board by which she was appointed contains this clause: "Said appointments to take effect from commencement of service and to continue until October 1st, 1898." No copy of the license to teach is annexed to the mov-

ing papers, and the only evidence before the court as to the form of such license was that contained in the affidavit of the superintendent, who swears that the license was for a limited period of six months, which is confirmed by the entry in the book of licenses.

When this license was granted the provisions of the Consolidation Act (Laws of 1882, chap. 410) were in force, and the appellant now contends that under the case of *Steinson* v. *Board of Education* (49 App. Div. 143) the board had no power to issue a limited license. I cannot see that that case is an authority for such a proposition. Mr. Justice RUMSEY, who delivered the prevailing opinion, which was concurred in by Mr. Justice McLAUGHLIN, speaking of the power of the city superintendent prior to the new charter of the city of New York, says : " He may issue a provisional license, good for six months, which must be signed also by the two inspectors. He can issue a permanent license to be signed in the same way. No power is given to him to renew a provisional license from time to time, or to issue any license whatever, except one signed by two inspectors and after an examination as prescribed by section 1040 of the Consolidation Act." There was no evidence before the court below that this appellant ever had such a license as is here prescribed, except the allegation that a temporary license for six months was granted which, having been granted on June 4, 1897, expired on December fourth of the same year. As was said by Mr. Justice RUMSEY in the case before cited, speaking of the power of the superintendent, " He may, undoubtedly, grant a provisional license for six months, but at the end of that time he is bound to refuse a further license, or upon proper examination to grant a permanent license." There was no evidence before the court below that any permanent license was ever granted to the appellant, and applying the rule as stated by Mr. Justice RUMSEY, she had no license to teach which was valid after December 7, 1897. Mr. Justice RUMSEY put the right of the plaintiff to recover in the *Steinson* case upon the ground that the plaintiff in that case had a certificate from the State Superintendent of Public Instruction, which by statute was conclusive evidence that the person to whom it was granted was qualified by moral character, learning and ability to teach in any common school of the State, irrespective of the fact that the plaintiff failed to prove that he had a city license. It is true that Mr.

Justice BARRETT, in concurring with Mr. Justice RUMSEY, held that there was no authority to issue a provisional license, and when any license was issued by the city superintendent it was necessarily a permanent license under the law, but his view was not concurred in by either of the other members of the court. At the time that this appellant was refused permission to teach in the public schools of the city of New York, so far as is shown by this record, she had no license to teach, either from the State or local authorities. The charter of the city of New York which took effect January 1, 1898 (Laws of 1897, chap. 378), and which was in force when the appellant was refused permission to be continued as a teacher, expressly requires that to entitle a person to teach in a public school, a license is necessary. By section 1081 it is provided that a board of examiners shall be appointed whose duty it shall be to examine all applicants and to issue such license as the applicants are found entitled to receive; and it is then provided, " Except as superintendent or associate superintendent, as supervisor or director of a special branch, as principal of or teacher in a training school or high school, no person shall be appointed to any educational position whose name does not appear upon the proper list. No person shall teach in any public school in the city who has not such license, except as herein otherwise provided, nor shall any unlicensed teacher have any claim for salary. Licenses to teach shall be issued by the city superintendent of schools for a period of one year, which may be renewed without examination in case the work of the holder is satisfactory to the borough superintendent for two successive years. At the close of the third year of continuous, successful service, the city superintendent may make the license permanent."

The appellant, therefore, having no license from the city, was under this provision of the statute precluded from teaching in any public school in the city of New York; and having no license, it was the duty of the city superintendent of schools to refuse to continue her in the position.

It also appeared that the appellant did not receive a permanent appointment as a teacher. Her appointment was to take effect from the commencement of the service and to continue until October 1, 1898. She accepted an employment under this condition. On October 1, 1898, when the appellant's employment came to an end,

the provisions of the charter to which attention has been called were in force, and she was then required, in order to continue as a teacher, to hold a license to teach.    She accepted the employment upon the condition that her appointment was temporary, and not permanent, under a license which assumed to be a temporary license, and certainly the board of education was under no obligation to continue her in the employment as a teacher in direct violation of this provision of the statute after the term for which she was appointed had expired.

It follows that the order appealed from was right and should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., RUMSEY, PATTERSON and HATCH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.